*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **4:13-CR-578-03** |
| | § | **JUDGE LYNN HUGHES** |
| | § | |
| **DONOVAN SIMMONS** | § | |

### SIMMONS'S MOTION FOR BOND PENDING APPEAL

*TO THE HONORABLE LYNN HUGHES*:

1.      Defendant Donovan Simmons asks the Court pursuant to 18 U.S.C. § 3143(b) and Rule 9(b) of the Federal Rules of Appellate Procedure to allow him to remain on bond while his appeal is pending, and shows the following supporting this request:

2.      Simmons was convicted by a jury on June 28, 2016, and sentenced to 15 months imprisonment on January 30, 2017.  Simmons has complied with all conditions of release imposed after his arrest in 2013.  His notice of appeal will be filed immediately after this motion is filed. Simmons does not appeal for purposes of delay.

3.      There is clear and convincing evidence that Simmons is not likely to flee or pose a danger to the safety of any other person or the community if released on personal recognizance, or on unsecured appearance bond, or on conditions under 18 U.S.C. § 3142(b) or (c).

4.      Simmons was on conditions of release for years pending trial, and appeared in court at every instance. After his conviction, he was on conditions of release for over six months. Despite knowing that the Sentencing Guidelines call for a lengthy prison sentence, Simmons continued to comply with his conditions of release and appeared for all required court settings.  He will not flee. He will appear after appeal for a re-trial; or to serve a sentence, if necessary.

5.      The appeal in this cause will raise substantial questions of law or fact likely to result in

reversal or an order for a new trial.  The primary issues to be raised with respect to the convictions concern jury instructions, the government's final argument, and the sufficiency of the evidence.

6.      18 U.S.C. §3143(b)(1) provides, in pertinent part, that a defendant convicted of a nonviolent offense is entitled to release pending appeal if the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in - (i) reversal, (ii) an order for a new trial . . .

7.      The defendant has the burden of establishing the following four factors before he may be released pending appeal: (1) he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if the substantial question is determined in favor of the defendant on appeal, this will likely result in reversal or an order for a new trial on all counts for which imprisonment has been imposed. *United States v. Clark,* 917 F.2d 177, 179 (5th Cir. 1990).

8.      "A substantial question of law or fact likely to result in reversal" does not mean that the district court must conclude that its own judgment is likely to be reversed. *United States v. Valera-Elizondo,* 761 F.2d 1020, 1022 (5th Cir. 1985).  Rather, the question is whether the defendant's appeals raise a substantial question of law or fact, i.e., "one of more substance than would be necessary to a finding that it was not frivolous[;] . . . a 'close' question or one that very well could be decided the other way." *Valera-Elizondo,* 761 F.2d at 1024.

9.      Here, there is clear and convincing evidence that Simmons - a first-time offender - is not likely to flee or pose a danger to the safety of any other person or the community if released pending appeal.  He has been released on bond for over three years pending both his trial and his sentencing

2

and is not now likely to flee.

10.     The appeal in this cause is not made for the purpose of delay and raises substantial questions of law or fact likely to result in reversal or an order for a new trial. The primary issues to be raised with respect to the convictions deal with jury instructions, government final argument, and sufficiency of the evidence.

11.     If the Court of Appeals agrees that there was instructional error, an order for a new trial is likely.  If the Court of Appeals agrees that there was improper government final argument, an order for a new trial is likely.  If the Court of Appeals agrees that the evidence was insufficient, an acquittal will be entered.

12.     For these reasons, Simmons asks to be allowed to remain on conditions of release while his appeal is pending.

Respectfully submitted,

/s/ David Adler

_____
David Adler
State Bar of Texas 00923150
Southern District of Texas 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Donovan Simmons

## CERTIFICATE OF CONFERENCE

The government is presumably opposed to this motion.

/s/ David Adler

_____

David Adler

## CERTIFICATE OF SERVICE

A copy of this pleading was provided to the AUSA via CM/ECF on February 3, 2017.

/s/ David Adler

_____

David Adler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **4:13-CR-578-03** |
| | § | **JUDGE LYNN HUGHES** |
| **DONOVAN SIMMONS** | § | |

## ORDER ON OTION FOR BOND PENDING APPEAL

Simmons's motion to remain on bond while his appeal is pending is:

Granted,

Simmons is ordered to continue complying with his conditions of his release while the appeal is pending.

Denied.

Signed on February _____, 2017.

_____
Lynn Hughes
United States District Judge